SHOWA LAW OFFICE, LLLC
ANDREW DAISUKE STEWART    7810-0
735 Bishop Street
Suite 318
Honolulu, Hawaii 96813
Tel. (808) 772-9297
Fax. 1 (866) 772-9407

Attorney for Plaintiff
CHRISTOPHER MASAYUKI KONISHI

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CHRISTOPHER MASAYUKI KONISHI, <br><br> Plaintiff, <br><br> vs. <br><br> EUGENE WAKAI; EUGENE WAKAI, AS TRUSTEE FOR THE CHARLES MCCARTHY AND ANNE Y. MIYOSHI 1992 TRUST; ALLEN WAKAI; DOE DEFENDANTS 2 -20. <br><br> Defendants. | Civil No. 13-00356 SOM-KSC <br><br> **FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST ALLEN WAKAI AS TO COUNTS II AND III OF THE FIRST AMENDED COMPLAINT** |

**FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST ALLEN WAKAI AS TO COUNTS II AND III OF THE FIRST AMENDED COMPLAINT**

Before the Court is "PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST ALLEN WAKAI AS TO COUNTS II AND III OF THE FIRST AMENDED COMPLAINT", filed July 14, 2014, which came for hearing on August

26, 2014.  Andrew Stewart, Esq., appeared on behalf of Plaintiff Christopher Konishi and Leighton Lee, Esq., appeared on behalf of Defendants Eugene Wakai and Eugene Wakai, as Trustee for the Charles McCarthy and Anne Y. Miyoshi 1992 Trust.  Defendant Allen Wakai was present in the gallery.   For the reasons stated at the hearing, and below, the Court hereby finds and recommends that Plaintiff's Motion be GRANTED.

  1. Plaintiff Christopher Masayuki Konishi ("Plaintiff") is a citizen of Japan.

  2. Defendant Allen Wakai ("Allen Wakai") is a citizen of the State of Hawaii.

  3. The amount in controversy between Plaintiff and Allen Wakai in this case is alleged to exceed $75,000.

  4. On or about June 1, 1990, Charles McCarthy and Anne Y. Miyoshi, as Settlor-Trustees, executed and created "The Charles McCarthy and Anne Y. Miyoshi 1990 Trust" in the State of California.

  5. On or about March 24, 1992, Charles McCarthy and Anne Y. Miyoshi, as Settlor-Trustees, executed an amended version of the 1990 Trust known as the "The Charles McCarthy and Anne Y. Miyoshi 1992 Trust" (hereinafter "the Miyoshi Trust").

6. On or about April 2007, Anne Y. Miyoshi died rendering the Miyoshi Trust irrevocable.

7. Upon the death of Anne Y. Miyoshi, Helen Wakai and Eugene Wakai were named successor trustees of the Miyoshi Trust.

8. Helen Wakai resigned as Trustee, leaving Eugene Wakai (hereinafter "the Trustee") as the sole trustee of the Miyoshi Trust.

9. Article Six, Section 6.4(b)(iii)(vi) of the Miyoshi Trust states: "One such share to the issue of Allen Wakai in the manner provided in California Probate Code Section 246, provided that any distribution to any issue under the age of 18 years shall be made to Allen Wakai in trust, to be held, administered, and distributed in a separate trust as set forth in Section 6.6 of this instrument."

10. On July 11, 2007, two (2) checks in the amount of $106,674.27 (Check #169) and $105,000.00 (Check #168) from a Bank of America joint checking account, with checking account number "XXXXX-60573", under the names of "Eugene S. Wakai" and "Thomas J. Mishima" (hereinafter "the Joint Checking Account"), were deposited into the following Bank of America savings account controlled by Allen Wakai:

Name: ALLEN K WAKAI ITF CHRISTOPHER M WAKAI
Number: XXXXX-41020

11. On December 22, 2008, Thomas Mishima (i.e., the Trustee's accountant), transferred an additional $100,000 from the Joint Checking Account into the Savings Account.

12. The total amount of $311,674.27 deposited from the Joint Checking Account into the Savings Account was the inheritance Plaintiff was entitled to inherit from the Miyoshi Trust (hereinafter "the Inheritance").

13. Allen Wakai spent Plaintiff's Inheritance on his personal gambling habit.

14. Consequently, as of May 1, 2010, the Savings Account had a zero balance.

15. Plaintiff never received any portion of the Inheritance from anyone, including but not limited to Allen Wakai or the Trust.

16. The Miyoshi Trust imposed a duty upon Allen Wakai to preserve and safeguard Plaintiff's Inheritance until Plaintiff reached the age of eighteen, as well as a duty to distribute the Inheritance to Plaintiff when Plaintiff reached the age of eighteen.

17. Allen Wakai assumed the duty set forth in the Miyoshi Trust to preserve and safeguard Plaintiff's Inheritance until Plaintiff reached the age of eighteen, as well as a duty to distribute the Inheritance to Plaintiff when Plaintiff reached the age

of eighteen, by accepting the $311,674.27 deposited into the Savings Account from the Joint Checking Acccount.

18. Allen Wakai acted negligently and breached his duty by withdrawing and spending Plaintiff's Inheritance in the amount of $311,674.27 for his own personal benefit.

19. Allen Wakai engaged in conversion by withdrawing and spending Plaintiff's Inheritance in the amount of $311,674.27 for his own personal benefit.

20. As a result of Allen Wakai's negligent and/or intentional acts, Plaintiff has been wrongfully deprived of his Inheritance in the amount of $311,674.27, which he is entitled to be compensated for by Allen Wakai.

21. Plaintiff is entitled to receive damages in the amount of $311,674.27 from Allen Wakai.

22. The Court recommends that Plaintiff's Motion be GRANTED and that judgment enter in Plaintiff's favor with respect to Counts II and III of the First Amended Complaint, in the amount of $312,590.50, which represents $311,674.27 in damages plus $916.23 in attorneys' fees and tax.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, September 10, 2014.



_____
Kevin S.C. Chang
United States Magistrate Judge

Civil No. 13-000356 SOM-KSC; Konishi v. Wakai, et al.; FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST ALLEN WAKAI AS TO COUNTS II AND III OF THE FIRST AMENDED COMPLAINT