LAW OFFICE OF LEIGHTON K. LEE

LEIGHTON K. LEE        2975
222 Merchant Street, Suite 201
Honolulu, Hawai'i  96813
Telephone No. (808) 531.3244

Attorney for Defendants EUGENE WAKAI, and
EUGENE WAKAI, as Trustee for the Charles
McCarthy and Anne Y. Miyoshi 1992 Trust

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| CHRISTOPHER MASAYUKI KONISHI, | CIVIL NO. 13-00356 SOM-KSC |
|---|---|
| Plaintiff, | FINDINGS AND RECOMMENDATION TO GRANT MOTION FOR DEFAULT JUDGMENT AGAINST THIRD PARTY DEFENDANT ALLEN WAKAI AS TO THIRD PARTY COMPLAINT FILED FEBRUARY 7, 2014 |
| v. | |
| EUGENE WAKAI, AND EUGENE WAKAI, AS TRUSTEE FOR THE CHARLES MCCARTHY AND ANNE Y. MIYOSHI 1992 TRUST; DOE DEFENDANTS 1-20, | |
| Defendants/ Third Party Plaintifs, | Hearing:<br>Date:  February 19, 2014<br>Time:  9:30 a.m.<br>Judge: Magistrate Judge Kevin S. C. Chang |
| v. | |
| ALLEN K. WAKAI, | |
| Third Party Defendant | |

On January 20, 2015, Defendants Eugene Wakai, and Eugene Wakai, as Trustee for the Charles McCarthy and Anne Y. Miyoshi 1992 Trust (hereinafter referred to as Third Party Plaintiff Eugene Wakai) filed their Motion for Default Judgment against Third Party Defendant Allen K. Wakai as to the Third Party Complaint filed on February 7, 2014 (hereinafter referred to as Defendant Eugene Wakai's Motion for Default Judgment). On February 19, 2015, a hearing was held on Defendant Eugene Wakai's Motion for Default Judgment before the Honorable Kevin S. C. Chang. The Court HEREBY FINDS AND RECOMMENDS that DEFENDANTS EUGENE WAKAI, AND EUGENE WAKAI, AS TRUSTEE FOR THE CHARLES MCCARTHY AND ANNE Y. MIYOSHI 1992 TRUST'S MOTION FOR DEFAULT JUDGMENT AGAINST THIRD PARTY DEFENDANT ALLEN WAKAI AS TO THIRD PARTY COMPLAINT FILED FEBRUARY 7, 2014, filed on January 20, 2015, be GRANTED.

## FACTUAL FINDINGS

1. Third Party Plaintiff EUGENE WAKAI ("Eugene") is and was at all material herein a resident of the City and County of Honolulu, State of Hawai'i.

2. Plaintiff CHRISTOPHER MASAYUKI KONISHI ("Plaintiff") is a resident of Japan.

3. Third Party Defendant ALLEN K. WAKAI ("Allen") is and was at all times material herein a resident of the City and County of Honolulu, State of Hawai'i.

4. Plaintiff filed a Complaint dated July 19, 2013 against Eugene and Eugene, AS TRUSTEE FOR THE CHARLES MCCARTHY AND ANNE Y. MIYOSHI 1992 TRUST, Defendants and Third Party Plaintiffs.

5. Plaintiff alleged damages arising from his purported right to receive benefits, gifts, and/or distributions from the "The Charles McCarthy and Anne Y. Miyoshi 1992 Trust".

6. Eugene was the Trustee of the The Charles McCarthy and Anne Y. Miyoshi 1992 Trust (hereinafter referred to as the "Miyoshi Trust").

7. Plaintiff is the biological son of Allen.

8. At all times relevant to the distribution of the Miysohi Trust, Plaintiff was a minor.

9. As Trustee of the Miyoshi Trust, Eugene, pursuant to express terms of the Miyoshi Trust, distributed any and all of the gifts, benefits, entitlements, and/or distributions designated for Plaintiff through and to Allen.

10. Prior to receiving Plaintiff's designated distribution, Allen was informed that Plaintiff's designated distribution was separate and distinct from any distributions designated for and to Allen, and were therefore the sole property of Plaintiff.

11. Prior to receiving Plaintiff's designated distribution, Allen was informed that he was to hold Plaintiff's designated distribution in trust for Plaintiff.

12. Prior to receiving Plaintiff's designated distribution, Allen was further informed that Plaintiff's designated distribution was to be fully and completely distributed to Plaintiff when he reached the age of majority.

13. Allen understood the information provided to him regarding Plaintiff's designated distribution, and knowingly and willfully accepted Plaintiff's designated distribution.

14. Plaintiff has not received any portion of his designated distribution.

15. As a direct and proximate cause of Allen's actions set forth in the aforementioned paragraphs, Eugene was sued by Plaintiff.

16. As a direct and proximate cause of Allen's actions set forth in the aforementioned paragraphs, Eugene was compelled to investigate and take actions to defend himself from Plaintiff's allegations.

17. Plaintiff obtained default judgment against Allen with respect to Counts II and III of the First Amended Complaint. These Counts set forth claims of conversion and negligence.

18. Allen is liable to the Plaintiff for the loss of his designated distribution.

19. Eugene specifically plead and requested that he be granted damages, equitable relief, and reimbursement of fees and costs against Allen:

> 26. By reason of the foregoing, ALLEN K. WAKAI, Third Party Defendant is liable for any and all damages, costs, expenses, or assessments of any type or kind asserted by CHRISTOPHER MASAYUKI KONISHI, Plaintiff, and/or incurred by EUGENE WAKAI, AND EUGENE WAKAI, AS TRUSTEE FOR THE CHARLES MCCARTHY AND ANNE Y. MIYOSHI 1992 TRUST, Defendants and Third Party Plaintiffs, plus interest/attorneys' fees/ and costs.
>
> 27. EUGENE WAKAI, AND EUGENE WAKAI, AS TRUSTEE FOR THE CHARLES MCCARTHY AND ANNE Y. MIYOSHI 1992 TRUST, Defendants and Third Party Plaintiffs seek any and all other equitable or other relief they are entitled to against ALLEN K. WAKAI, Third Party Defendant.

Third Party Compl. ¶¶ 26 & 27.

20. Eugene at all times material herein was and is a licensed financial advisor.

21. As a licensed financial advisor, Eugene's reputation and credibility relevant to his ability to manage third party monies is material and significant.

22. The filing of this lawsuit against Eugene has damaged his reputation as a licensed financial advisor, and his reputation and credibility in handling monies is material.

## LEGAL FINDINGS

1. Allen's actions were the cause of Plaintiff's loss of his inheritance.

2. As a direct and proximate cause of Allen's actions, Plaintiff filed this action against Eugene.

3. As a direct and proximate cause of Allen's actions and the filing of this lawsuit by Plaintiff against Eugene, Eugene suffered damages to his reputation, and incurred legal fees and costs.

4. Eugene is entitled to receive and recover general damages against Allen in the amount of $200,000.00.

5. Eugene is entitled to $36,203.49 in attorneys' fees and tax, and $23.18 in costs. The Court declines to recommend recovery of (a) the attorneys' fees paid to Eugene Tomie because there was no documentation to support the reasonableness of the fees and (b) the legal research costs because no statutory basis was provided for recovery of research costs.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, July 8, 2015

Kevin S.C. Chang
United States Magistrate Judge